**Shanti Lewallen**
OSB# 143740
shantilewallen@gmail.com
Lewallen Law, LLC
65 SW Yamhill, Suite 300
Portland, OR 97204
Telephone: (503) 997-5447
Facsimile: (844) 364-5438

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **FRANCISCO ANGUIANO**,<br><br>           Plaintiff,<br><br>v.<br><br>**KEENAN, HOPKINS, SUDER & STOWELL CONTRACTORS, INC., d/b/a, KHS&S CONTRACTORS,**<br><br>           Defendant. | **CASE NO.:** 19-493<br><br>**COMPLAINT**<br><br>(Unlawful Employment Practices – Violation of ORS 659A.040; ORS 659A.112; and ORS 659A.118)<br><br>**DEMAND FOR JURY TRIAL** |

## I.

### INTRODUCTION

1. Pursuant to ORS 659A.040, Plaintiff alleges the deprivation of his rights as protected by Oregon anti-discrimination and anti-retaliation statutes. He seeks damages and

Page 1   COMPLAINT

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

equitable remedies, including declaratory judgment, attorney fees, litigation expenses/costs, including expert witness fees and expenses in an amount to be determined by a jury at trial.

## II.

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. § 1332 because there is diversity in citizenship and the amount in controversy is greater than $75,000.00.

3. Defendant Keenan, Hopkins, Suder & Stowell Contractors, Inc., d/b/a, KHS&S Contractors ("KHS&S"), registered in the State of California, maintains its principal place of business in Anaheim, California. KHS&S does regular business in the state of Oregon, and a substantial part of the actions, events and omissions upon which Plaintiff's claims are based occurred within Washington County, Oregon. The District of Oregon, Portland Division is the proper venue to hear these claims.

## III.

## PARTIES

4. Plaintiff Francisco Anguiano ("Mr. Anguiano") is a former employee of KHS&S, and a resident of the State of Oregon, County of Washington.

5. At all times relevant hereto, Defendant KHS&S was a corporation, registered in the State of California and doing business in several states including Oregon and Washington, which, under Oregon law, is responsible for the unlawful employment practices of its agents and employees.

## IV.

## FACTS

Page 2   COMPLAINT

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

6. On or about December 6, 2017, KHS&S hired Mr. Anguiano as a drywall taper to work at a construction site for a Nike headquarters expansion in Washington County, Oregon.

7. On or about February 15, 2018, Mr. Anguiano sustained an injury when a scissor-lift he was operating propelled him into an electrical wiring fixture, injuring his left shoulder and back. Immediately after his injury, Mr. Anguiano reported the injury to his manager Benjamin Jones, invoking his right to workers' compensation under Oregon law, but Mr. Jones told him to return to work, pointing out that Mr. Anguiano was not bleeding. At the end of the day, when Mr. Anguiano attempted to fill out an injury report. Mr. Jones instructed him to change his entry in the report to indicate that he had not been injured, and Mr. Anguiano did so out of fear of retaliation.

8. On or about February 16, 2018, Mr. Anguiano returned to work at KHS&S in spite of ongoing pain in his back and left shoulder where he had been injured the day before. At the end of Mr. Anguiano's workday, KHS&S terminated his employment, telling him there was no more work for him. Meanwhile, Mr. Anguiano was aware that the floors above where he had been working had additional work for his crew.

9. On or about February 26, 2018, Mr. Anguiano filed a workers' compensation claim for his February 15, 2018 workplace injury.

10. On or about March 2, 2018, Mr. Anguiano's doctor issued a Work Activity Status Report, restricting Mr. Anguaino's work activities, including substantial limitations to his ability to work, reach and lift.

11. On or about March 9, 2018, Mr. Anguiano's doctor issued a Work Status Report, restricting Mr. Anguiano's work activities, including instructions that Mr. Anguiano be assigned to work that "[n]ever" required him to bend or twist along with orders to modify his activity to

Page 3   COMPLAINT

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

substantially limit a number of his other major life activities, including lifting, pushing, pulling, kneeling, squatting and climbing.

12.     On or about March 9, 2018, Joel Urista, KHS&S Risk Management Administrator, offered Mr. Anguiano a temporary modified duty job, to begin March 12, 2018. The temporary job offer stated that Mr. Anguiano would never be required to bend down or twist, and would only be required to squat occasionally, among other work restrictions.

13.     On or about March 13, 2018, KHS&S assigned Mr. Anguiano to pick up nails and screws scattered on the ground around another jobsite, also in Washington County, Oregon. Contrary to Mr. Anguiano's work restriction, this involved repetitive stooping and bending, causing Mr. Anguiano increased pain in his back. Out of fear that he would lose his job if he refused to do so, Mr. Anguiano complied with the order. A number of KHS&S supervisors were witnessed later standing next to a window laughing at Mr. Anguiano stooping down to pick up the fasteners in the rain.

14.     On or about March 13, 2018, after Mr. Anguiano complained that his first assignment was inflaming his back injury, KHS&S assigned Mr. Anguiano with counting the windows on the outside of a KHS&S construction site. He walked around the building in the rain and counted several hundred windows, returning with his tally of windows to his supervisor who appeared to have no use for the information Mr. Anguiano had gathered.

15.     On or about March 14, 2018, Mr. Anguiano was assigned to study safety training materials on a computer and take related quizzes in an unheated shipping container, otherwise used for storage. Aside from the computer, the only source of light in the unheated shipping container was a single work light. For several weeks, Mr. Anguiano endured sitting in a stationary position

Page 4    COMPLAINT

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

with temperatures often hovering in the low 30s, Fahrenheit. When Mr. Anguiano closed the door to reduce draft, his supervisors opened it, explaining that they wanted to keep an eye on him.

16. On or about March 22, 2018, Mr. Anguaino's physician issued a Disability Slip, continuing to impose substantial restrictions to Mr. Anguiano's authorization to lift, bend, push and pull. Mr. Anguiano's physician also advised that he wa not to sit for longer than 45 minutes at a time. The Disability Slip also indicated that Mr. Anguiano was authorized to perform the modified duties of (a) "tool check in/out - alternate sitting and standing," (b) "fire watch," (c) "daily work planning," and (d) "on line video safety training." KHS&S continued to assign Mr. Anguiano exclusively to continue the safety training in the container.

17. On or about March 27, 2018, feeling like being forced to work in the cold, dark container was a punishment for reporting his injury, Mr. Anguiano requested assistance from his union in securing a less painful and degrading assignment, reporting that remaining seated in the cold was causing him increased discomfort in his back. The union passed this information on to KHS&S, which made no change to his assignment.

18. On or about April 3, 2018, Mr. Anguiano's physician adjusted his work restrictions to require that he be permitted to work at room temperature, out of concern that being forced to sit in the cold was aggravating his workplace injuries.

19. On or about April 4, 2018, KHS&S received Mr. Anguiano's new work restriction. In spite of the doctor's orders, Mr. Anguiano was required to work approximately another week in the container without a heater until he found a heater elsewhere on the jobsite to use to keep warm.

20. On or about April 4, 2018, KHS&S's workers' compensation insurer accepted as compensable Mr. Anguiano's claim for conditions related to his workplace injuries including

Page 5   COMPLAINT

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

"disabling cervical sprain; bilateral shoulder strains, anterior chest wall strain and left shoulder contusion."

21. On or about April 15, 2018, KHS&S moved Mr. Anguiano to an unfinished, heated part of the building under construction at the same site where the container was located to continue online safety training assignments.

22. On or about May 8, 2018, KHS&S falsely accused Mr. Anguiano of using his telephone on the job without authorization and wrote him up for the offense, even though Mr. Anguiano explained he was on the phone with Joel Urista, Risk Management Administrator for KHS&S discussing a work-related matter.

23. On or about mid-June 2018, when the construction finished where Mr. Anguiano had been completing the safety training assignments, KHS&S assigned Mr. Anguiano to continue the safety training "work" from his home.

24. On or about June 25, 2018, KHS&S assigned Mr. Anguiano to work for the Habitat for Humanity ("Habitat") Restore in Beaverton, paying him with a paycheck from KHS&S for the time he put in for Habitat.

25. On or about November 11, 2018, Mr. Anguiano's workers' compensation claim was closed and he was deemed to have a permanent partial disability.

26. On or about December 14, 2018, KHS&S terminated Mr. Anguiano; he would no longer be paid by KHS&S to work at Habitat.

27. At all material times, Mr. Anguiano had a disability as defined by ORS 659A.104. Despite his disability, Mr. Anguiano could perform the essential functions of his job with accommodation.

Page 6    COMPLAINT

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

28. At all material times, KHS&S knew about Mr. Anguiano's disability.

29. Alternatively, at all material times KHS&S perceived Mr. Anguiano to be disabled.

30. Prior to his injury, Mr. Anguiano had a good rapport KHS&S managers. After his injury, and after reporting his disability, management markedly changed its treatment of him for the worse:

    a) From the time he was injured, through June 30, 2018, when he moved on to the job with Habitat, Mr. Anguiano's direct supervisors appeared upset with him, would not talk to him directly and instead relayed information through other employees except when they issued him disciplinary actions.

    b) KHS&S discouraged Mr. Anguiano from filing his workers' compensation claim.

    c) KHS&S required Mr. Anguiano to engage in work activities outside his doctors' work restrictions.

    d) KHS&S assigned Mr. Anguiano demeaning make-work tasks which served no legitimate purpose for the company.

    e) KHS&S required Mr. Anguiano to work in at least one modified job that was not approved by his doctor.

    f) KHS&S placed Mr. Anguiano in a workplace that was freezing cold, dimly lit, and detrimental to his health and recovery, in spite of receiving authorization from his physician to assign Mr. Anguiano to several other positions and/or tasks.

    g) KHS&S required Mr. Anguiano to wear his hardhat in areas where others were not required to do so, even in the KHS&S jobsite office and while seated in the

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

        office space to do his safety training, where no construction activities were under way. Upon information and belief, KHS&S did not require other occupants of areas where no construction was happening to do the same.

h)   KHS&S targeted Mr. Anguiano with unwarranted disciplinary action for using his telephone for employer-authorized communications.

## V.

## CLAIMS

### FIRST CLAIM FOR RELIEF
### Workers' Compensation Discrimination/Retaliation
### (ORS 659A.040)

31.    Mr. Anguiano realleges and incorporates paragraphs 1 through 30 above.

32.    As herein described, KHS&S discriminated and/or retaliated against Mr. Anguiano in the terms and conditions of his employment in violation of ORS 659A.040.

33.    A substantial factor in the discrimination/retaliation was Mr. Anguiano's invocation of the workers' compensation system.

34.    KHS&S's actions caused Mr. Anguiano to incur emotional distress, suffering and other non-economic harms in an amount to be determined at trial.

35.    Mr. Anguiano is entitled to a declaration that KHS&S violated his rights under ORS 659A.040, an order requiring KHS&S to take appropriate steps to make him whole and/or other equitable remedies as appropriate.

36.    Because KHS&S's actions exhibit a reckless and outrageous indifference to a highly unreasonable risk of harm, undertaken with a conscious indifference to the health safety and welfare of Mr. Anguiano, Mr. Anguiano is entitled to punitive damages.

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

37. Mr. Anguiano is entitled to his attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107.

## SECOND CLAIM FOR RELIEF
### Disability/Perceived Disability Discrimination
### (ORS 659A.112)

38. Mr. Anguiano realleges and incorporates paragraphs 1 through 37 above.

39. As herein described, by subjecting him to humiliating and otherwise hostile conditions, KHS&S discriminated and/or retaliated against Mr. Anguiano in the terms and conditions of his employment in violation of ORS 659A.112.

40. A substantial factor in the discrimination was Mr. Anguiano's disability.

41. KHS&S's actions caused Mr. Anguiano to incur emotional distress, suffering and other non-economic harms in an amount to be determined at trial.

42. Mr. Anguiano is entitled to a declaration that KHS&S violated his rights under ORS 659A.112, an order requiring KHS&S to take appropriate steps to make him whole and/or other equitable remedies as appropriate.

43. Because KHS&S's actions exhibit a reckless and outrageous indifference to a highly unreasonable risk of harm, undertaken with a conscious indifference to the health safety and welfare of Mr. Anguiano, Mr. Anguiano is entitled to punitive damages.

44. Mr. Anguiano is entitled to his attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107.

## THIRD CLAIM FOR RELIEF
### Failure to Accommodate a Disability/Retaliation
### (ORS 659A.118)

45. Mr. Anguiano realleges and incorporates paragraphs 1 through 44 above.

Page 9   COMPLAINT

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

46.  KHS&S engaged in an unlawful employment practice by failing to engage in the interactive process to determine reasonable accommodation and failing to provide reasonable accommodation for Mr. Anguiano's known physical limitations in violation of ORS 659A.112 and ORS 659A.118.

47.  As a direct and proximate result, Mr. Angiuano has suffered economic and non-economic damages.

48.  KHS&S's actions caused Mr. Anguiano to incur emotional distress, suffering and other non-economic harms in an amount to be determined at trial.

49.  Mr. Anguiano is entitled to a declaration that KHS&S violated his rights under ORS 659A.118, an order requiring KHS&S to take appropriate steps to make him whole and/or other equitable remedies as appropriate.

50.  Because KHS&S's actions exhibit a reckless and outrageous indifference to a highly unreasonable risk of harm, undertaken with a conscious indifference to the health safety and welfare of Mr. Anguiano, Mr. Anguiano is entitled to punitive damages.

51.  Mr. Anguiano is entitled to his attorneys' fees and costs pursuant to ORS 659A.885 and ORS 20.107.

## VI.

## PRAYER

Mr. Anguiano prays for his costs and disbursements incurred herein and for the following in accordance with the proof at trial:

a.  Non-economic damages;

b.  Equitable relief;

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438

c. Punitive damages;

d. Reasonable attorneys' fees and costs;

e. A declaration that KHS&S violated Mr. Anguiano's rights and an order requiring KHS&S to make him whole;

f. Pre-judgement and post-judgment interest as appropriate and allowed by the law; and

g. Any and all other relief as this court may deem proper.

DATED this 3rd day of April, 2019.

s/ Shanti Lewallen
Shanti S. Lewallen, OSB #143740
shantilewallen@gmail.com
**Attorney for Plaintiff**
65 SW Yamhill Street, Suite 300
Portland, OR 97204
Tel.:   503-997-5447
Fax:   844-364-5438

**JURY TRIAL REQUESTED**

Page 11   COMPLAINT

Lewallen Law, LLC
65 SW Yamhill Street, Suite 300
Portland OR 97204
Tel: 503-997-5447
Fax: 844-364-5438
Fax: 844.364.5438